APPENDIX A

IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF GEORGIA

<u>ALBANY</u> DIVISION

Filed at ___/: 45 P___ M
___6/ 22___, 20 _15_
___BCL___
Deputy Clerk, U.S. District Court
Middle District of Georgia

Joanne Edwards
Plaintiff/Relator Ex. State
Vs.

Civil Action: / : /5 - CV - /00

State of Georgia…et al,
SBWC, WC/GDOL, WC/DOAS, AACSB
WC/MCO/AmeriSys, HCL Technologies /WC/ICMS/SysAdmin1,
<u>and Judy Varnell,</u>
    Defendant(s)

VENUE IS IN ALBANY, DOUGHERTY COUNTY

This court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and/or 1332

Statutory interpretation presents a question of law over which this Court exercises de novo review in the showing of exceptional, extraordinary circumstances and In re United States, 624 F.3d 1368, 1372 (11th Cir. 2010). This Appeal is taken in accordance with O.C.G.A. Section 5-6-35(g). This being a civil action pursuant 65(b) of the Federal Rules of Civil Procedure, this Court has jurisdiction to issue a Permanent Injunction and Federal question jurisdiction is conferred by Plaintiff claim under the Venue properly laid in the US Middle Georgia District Court because Plaintiff and Employer resides in that District in Mitchell and Dougherty Counties, Georgia; Pursuant 29 C.F. R;, Section 2560.503-1(g)(iv), Plaintiff has a right to bring civil suit under 502(a); Plaintiff demands a trial by jury in the instant case, pursuant, *Fed. R. Civ. P. 38b;* Title 28 United States Code 1343, provides a Federal court forum in which citizens may seek redress from the deprivation of rights, privileges and immunities under color of state law; Allegations set forth in Plaintiff complaint are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigations and discovery; Plaintiff have evidentiary documentation available upon request and saved U.S. mail envelopes available upon request.

Herein, any mention of Plaintiff refers to Joanne Edwards, 2010-025855, DOI [date of injury] 09/17/09, SS# [social security number] 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, SBWC ID# [State Board of Workers' Compensation Number, Identification number] WC10577889, D.O.B. [date of birth] April 22, 1967, Employer's SBWC ID# 20788, Liability Claim Ll13236873, existing legitimate 'catastrophic type' indemnity 1500 Health Insurance medical claim 06/23/11 and 08/24/11, that must be paid by Plaintiff workers' compensation insurance carrier, pursuant workers' compensation Act; lifetime medical and income benefits until Plaintiff can return to work without restrictions to date, pursuant O.C.G.A. 34-9-81.1, and O.C.G.A. 34-9-82;  accepted on a WC-1 Employer's first report of injury, 08/25/10, benefits showing payable since 06/09/10 first date of disability and permanent restrictions, accepted within Plaintiff's  first year of injury. Pursuant 34-9-81.1, and 34-9-82, it was not necessary to file a claim to preserve Plaintiff's rights to medical treatment.Income benefits had been paid in 2010 to preserve Plaintiff's right to

lifetime medical treatment and income benefits until Plaintiff can return to work without restrictions. Plaintiff has a lifetime right to medical treatment and income benefits until Plaintiff can return to worke without restrictions.  The Employer has taken the position it is not liable for Plaintiff's 1500 Health insurance 'catastrophic type' medical claim, lifetime medical and income benefits until Plaintiff can return to work without restrictions. Plaintiff has 08/24/11 prescription for rehabilitation medical treatment pursuant 34-9-200.1 (g), 6(A) or 3 ( E ),  catastrophic designation to date;  pursuant Board Rule 201(b)(c) Plaintiff has an accepted compensable controverted neck, Right arm/Cervical spine injury; and despite an undisputed  no 'formal' posted panel, Plaintiff's lawfully entitled onetime change of physician or IME [independent medical evaluation] or additional medical treatment is being denied by the Employer/Self-Insurer, issues of Plaintiff's WC-14 filed 01/18/11, 11/17/12, 5/28/13, 02/13/15 on denials of medical treatment - never been allowed in a courtroom to date or never been heard to date; Plaintiff has a 'designated' ATP, Dr. Andrew Cordista, a managed care organization, a diligent, applied but unsuccessful, work search,  pursuant 34-9-200a & 34-9-201 for diagnosed neck, cervical/upper limbs, thoracic, and/or lumbosacral/lower limbs, injuries, diagnosed 10/02/09, 06/09/10,  6/17/11, 08/24/11 and 04/17/14 to date.  Plaintiff's 'TTD' [temporary total disability income payable since 06/09/10 first date of disability, pursuant 24-9-2621 is being denied to date and pursuant 34-9- 202(e) the Employer/Self-Insurer's denial of cost and multiple IME's, pursuant Employer's failed panel requirements 34-9-201(b) to date. Plaintiff sustained permanent disabling, potential fatal injuries, in further need of ordered medical treatment to date, evaluated extensively with a "mountain" of objective medical evidence in over 2 years of medical treatment that strongly supports Plaintiff's claim to date, by the Employer/Self-Insurer's 'own selected' ATPs, Dr. Craig Fredericks/Dr. Andrew Cordista who diagnosed all Plaintiff's problems to date, and afforded income benefits until Plaintiff can return to work without restrictions. Plaintiff requests an injunction against the Employer/Self-Insurer, to halt the proliferation and implementation of an unlawful scheme to evade cost by fraudulent manipulation in order to create the appearance of statutory compliance. On 11/06/13, the Employer/Self-Insurer by way of WC/GDOL, even ask the Appellate court to award the Employer/Self-Insurer controvertion of Plaintiff's neck and Right. Arm – issues belonging to the fraud claim. Plaintiff has a potential additional 3rd party personal injury not informed of during initial Workers' compensation consult until statute expired & OSHA claim.
Plaintiff's ISSUES have never been presented for Hearing 01/25/12 where Plaintiff was not in appearance and not served notice of hearing or 05/01/12 Hearing Plaintiff was made to be in appearance under duress, where duress replaces deception to injure in connection with Plaintiff's existing legitmate claim to date, and further 04/16/15 Hearing where Plaintiff was not in appearance for a hearing Plaintiff believes is not Plaintiff, pursuant 24-1-1 (1)"NOT" Ruled on 01/25/12, 06/29/12 through to date for existing legitimate catastrophic type Claim pursuant Bennett – Murray, Inc. v. Barnes, 222 Ga. App. 137(1996); THEREFORE, it is "NOT existing legitimate catastrophic type claim number Joanne Edwards 2010-025855 issues barred by *res judicata* 8/14/13 AND 9/24/13 to date Pursuant 34-9-81.1. Plaintiff filed within statute and does not lose right to compensation. There are to many inconsistencies – evidence must be found in favor of Plaintiff pursuant Johnson v. Weyerhaeuser Co. , 231 Ga. App. 627, 4399 S.E., 2d 916 (1998). Penalties;  Monetary Award. Eliminating any and all access for relief or remedy; unlawfully killing and preventing Plaintiff from having a fair trial; my day in court and unlawfully evading obligations and misleading the legal consequences of diverting away Plaintiff's lawfully entitled workers' compensation benefits, altering the course of Plaintiff's

income benefits and medical treatment of Plaintiff's existing "legitimate" already diagnosed, accepted, compensable, controverted 'catastrophic type' medical indemnity claim prescribed 06/23/11, and 08/24/11 rehabilitation medical necessary treatment, 06/09/10 permanent disability for lumbar sacral radiculopathy, permanent restrictions, no lifting greater than 30 pounds, a 06/23/11 (1500 Health Insurance Claim for 723.4 [cervical radiculopathy] by Dr. Craig Fredericks and 08/24/11, (1500 Health Insurance Claim by Dr. Andrew Cordista for Consult Dr. Nicodemo Macri for Rehab [Rehabilitation] for neck, low back, cervical, thoracic, or lumbar spine Dx. [Diagnoses] by code 723.1, 724.2, 721.0, 722.0, 723.0, 721.3), a mountain of objective medical evidence in over 2 years to date, that strongly supports Plaintiff claim to date; Plaintiff has a diagnosed permanent sustained catastrophic type work disabilities, health insurance claim, where Plaintiff's spinal cord was being touched and protruded on, diagnoses by the ESOP [Employer/Self-Insurer's own selected authorized treating physicians] to date; Subsequent diagnosis 04/17/14 of 722.71 cervical disc syndrome with myelopathy diagnosed by Dr. Larry Empting, PCOP to date. Dr. Barry Barker's 09/29/09 medical report, 09/30/09 medical report that the Employer/Self-Insurer, Adjuster Windy Simpson failure to obtain physician signatures to date knowing or should have known that failure to submit this document to the insurer will jeopardize payment of fees to Plaintiff to date, and payment of fees have not been paid to Plaintiff to date. All providers, have been paid in full to date; Dr. Barry Barker, billed Plaintiff worker's compensation insurance plan and was paid $278;00 for 09/29/09 and $88.00 for 09/30/09, to Plaintiff's knowledge for medical office notes that are not signed to date, obtaining, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services, not served or not rendered.

Again, Plaintiff was accepted on a WC-1 Employer's First Report of Injury filed 08/25/10 within Plaintiff first year of injury, with Plaintiff first date of disability, 06/09/10 and benefits showing payable for (7 % permanent disability rating and permanent restrictions, no lifting greater than 30 pounds; by 02/08/11, no lifting greater than 15 pounds; no lifting greater than 10 pounds, indicated to Plaintiff by Dr. Nicodemo Macri on 02/17/11; by 03/13/13 and 01/08/14, no lifting greater than 8.6 pounds; Plaintiff was paid 'only' a onetime PPD [permanent partial disability] income from 08/23/10 through 11/02/10 totaling $11,000.00, with benefits showing due to Plaintiff since 06/09/10, Plaintiff first date of disability; past 21 days, late payment penalties due to Plaintiff; Plaintiff PPD income was (unlawfully suspended 11/02/10), and other components that constitutes a financial benefit to Plaintiff, and are capable of pecuniary calculation, is being diverted away from Plaintiff, to a fraudulent second claim/number Joanne Edwards 2010-025055 that is not Plaintiff, that has Plaintiff personal identifying information, with a same date of injury, and a created manufactured medical claim 'Now' listed as belonging to Plaintiff, that does not belong to Plaintiff, while Plaintiff is still in need of further ordered medical necessary rehabilitation treatment; 10/01/12 WC-4 Supplemental case progress report where provider's and others are getting state money for services not served or not rendered to Plaintiff, profiting from Plaintiff's loss.

Adjuster, Windy Simpson, WC/DOAS [worker's compensation]/[department of administrative services] 11/04/10 WC-2 Suspension of Income benefits, indicating that the entire PPD [permanent partial disability] has been paid in full and stopped Plaintiff's receipt of PPD income 11/02/10 to date; fouther filed a WC-4 final case progress report 11/04/10; while BTN [board tracking number] fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09,

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 that is not Plaintiff, that has Plaintiff personal identifying information, still being paid in 10/01/12 WC-4 Supplemental case progress report. By 04/19/11, Request for Missing information (Action Required), document type WC-4, case progress report indicates, Plaintiff claim is to remain open; Since that time, Plaintiff has not received open claims money or income benefits from any subsequent WC-4 case progress reports 2011, 2012, 2013, 2014 or 2015 to date and have not received rehabilitation medical benefits for 08/24/11 valid prescription in 2011, 2012, 2013, 2014, or 2015; Plaintiff unlawfully not paid $31,056.89 income and other components that constitutes a financial benefit to Plaintiff and are capable of pecuniary calculation - WC-4 Supplemental Case progress report filed 10/01/12.

It was not necessary to file a claim to preserve Plaintiff's right to medical treatment nor within Honorable ALJ, Gordon Zeese's Jurisdiction to Award on the compensability of Plaintiff's health insurance claim. On (01/25/11 WC-3 Notice of Controvertion Plaintiff neck, right arm and great toe), 'catastrophic type' 1500 Health Insurance medical claim, because income benefits had been paid in 2010 (within the first year of injury) to preserve Plaintiff right to lifetime medical benefits and Plaintiff has a lifetime right to medical treatment pursuant Workers' Compensation Act O.C.G.A. 24-9-2621; O.C.G.A. 34-9-81.1 and O.C.G.A. 34-9-82 and lawfully entitled income benefits until Plaintiff can return to work without restrictions, under the Act, protected by statute; Plaintiff has not worked since 01/27/11 suffering a loss of earning capacity attributable to Plaintiff work related injury and Plaintiff is without Employer funded medical treatment and income compensation (descent minimal income); The Employer/self-Insurer has taken the position it is not liable for Plaintiff lawfully entitled lifetime medical treatment and income benefits until Plaintiff can return to work without restrictions workers' compensation benefits pursuant 34-9-81.1 and 34-9-82, and workers' compensation Act 24-9-2621.

There is a total denial of responsibility for Plaintiff's lawfully entitled lifetime medical treatment and income benefits until Plaintiff can return to work without restrictions; The Employer last paid any claim pertaining to Plaintiff in or around 2012 to Musculoskeletal Associates, (MSA) Physical Therapy in Albany Georgia for Plaintiff cervical region E-stim modalities treatment that arose out of Plaintiff valid referral, treatment 10/20/09; Plaintiff is not in receipt of current appropriate Employer funded medical treatment or Temporary Total Disability Income; and is without a minimal descent income and last worked 01/27/11 suffering a loss of earning capacity to date; Plaintiff applied a diligent, but unsuccessful work search, even applied with this Employer and never received a response or reply; This Employer never paid Plaintiff unemployment compensation and not entitled to the deductions thereof; Plaintiff have not used Plaintiff lawfully entitled onetime change of physician, and lawfully entitled, independent medical evaluation to date; Plaintiff is not an attorney and forced to file legal proceedings as pro se litigant; despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction or Plaintiff unfamiliarity with rule requirements, or forms to date, pursuant (United States v; Day, 969 F; 2d 39, 42 (3rd Cir; 1992), pro se cannot be held to the same stringent standards as Attorneys.

Herein in this complaint(s), any mention of 'fraud' or '2010-025055' or 'Joanne Edwards 2010-025055' or 'second claim/number' or 'second claim/number 2010-025055, 09/17/09' or phrase 'listed as belonging to Plaintiff', or phrase ''Now' listed as belonging to Joanne Edwards, 2010-025855, 09/17/09' or 'fraudulent second claim/number' refers to fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, 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, that has Plaintiff personal

identifying information; (name: Joanne Edwards), or SS# (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), with a same DOI, (09/17/09), or incorporated referenced paragraphs from physicians seen by Plaintiff, a created manufactured medical claim, 'Now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff. Plaintiff is in observation, in a still developing investigation, that DOAS, WC/MCO, created manufactured medical claim of a temporary, minor sustained lumbar injury, medical claim, with no objective medical evidence in over two years of medical treatment to substantiate alleged, deliberating (C-spine and lumbar injuries), no diligently applied work search, in need of no further medical treatment, an evaluation only as medical necessary treatment, an inferred no managed care organization, an inferred one time change of physician to Dr; Andrew Cordista, inferred as currently receiving appropriate medical treatment from Dr; Andrew Cordista, at best neurosis, at worst malingering; a potential no established dollar value claim, lawfully did not receive permanent partial disability income in 2010; per ALJ's AWARD 02/24/14, a created, manufactured dispute of not in receipt of permanent partial disability income in 2010; unlawfully collected $31,056.89 in permanent partial disability income and other benefits WC-4 supplemental case progress report filed 10/01/12, WC-4, supplemental case progress report filed 10/01/12.
Herein, any mention of an Appellate appeal in review of 02/24/14 ALJ's award, or 02/24/14 ALJ's award, or 02/24/14 appeal 'still' pending or waiting on the Appellate to award or not reviewed or awarded on by the Appellate, shall mean that the Appellate failure to review or award Plaintiff appeal of ALJ's 02/24/14 award in a timely manner and the Appellate Awarded 04/09/15 to Plaintiff appeal of 02/24/14, 11/24/14, and 12/02/14 ALJ's awards.


Herein, in any mention of any and all Administrative Law Judge's AWARDs 01/25/12, 06/29/12, 08/14/13, 09/24/13, 12/31/13 Amended 01/02/14, 02/24/14, 08/28/14, 11/24/14, 12/02/14 to date 04/16/15 as FACTUAL, listed as belonging to Joanne Edwards 2010-025855, 09/17/09 and any and all Appellate Division Awards, 11/20/12 (in appeal of 06/29/12 ALJ's award); 12/03/13 (in appeal of 08/14/13 and 09/24/13 ALJ's Awards), 03/04/14 (in appeal of 12/31/13 Amended 01/02/14 ALJ's awards); 12/22/14 (in appeal of 08/28/14 ALJ's award), to date 04/09/15 (in appeal of 02/24/14, 11/24/14 and 12/02/14 ALJ's Awards) as FINAL, listed as belonging to Joanne Edwards 2010-025855, 09/17/09, shall mean that Awards does  not belong to Plaintiff; and are a result of procurement by false premise of a Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that is not Plaintiff, that has Plaintiff personal identifying information, with a same date of injury, and a created, manufactured, medical claim 'Now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff. Plaintiff is in dispute of accuracy pursuant Federal Trade Commission, FCRA 611 (15 U.S.C. 1681L) Procedure in case of disputed accuracy and under Federal Identity Theft Law 18 U.S.C. 1028. Pursuant Merchandise or Service misrepresentation of a product or service pursuant 3 Com; R; 413; 10 Mass; R; 197; 1 Rep; Const; Court, 328, 475, Yelv; 21 a, note l; Peake's Cas; 115; 3 Campb; 154; Marsh; Ins; B; 1, c; 10, s; 1; Pursuant Identity Fraud, 16-9-121 Police report  No 22-13-019308 dated 02/10/14; Pursuant Fraud and False Statements of concealment 18 U.S.C. 47, sections 1001, false statement relating to health care matters, sections 1035; Pursuant Fraud and Deceit O.C.G.A. 51-6-2 whereby Legitimate government staff ('Akin' in their duty to provide Plaintiff lawfully entitled WC, [worker's compensation] lifetime medical treatment and income benefits until Plaintiff can return to work without restrictions and myMatrixx Pharmacy reimbursements and all components that constitutes a financial benefit to Plaintiff and are capable of pecuniary

calculation, pursuant O.C.G.A. 34-9-81.1, O.C.G.A. 34-9-82, protected by statute, under the WC/Act), took advantage of their positions, and 'akin' in their duty to provide Plaintiff's lawfullt entitled workers' compensation benefits, in their alliance connections with the SBWC in their vested interests, eligibility determination and liability, in Plaintiff's claim property; used Plaintiff personal identifying information for purposes unintended to divert away from Plaintiff lawfully entitled benefits and Open a fraudulent second claim/number that has Plaintiff's personal identifying information in the WC/ICMS [Integrated Claims Management System], BTN [Board Tracking Number] or used interchangeably with Plaintiff existing legitimate claim or committed other fraud against Plaintiff, altering the course of Plaintiff 'Permanent Partial Disability or Temporary Total Disability income and other components that constitutes a financial benefit to Plaintiff and are capable of pecuniary calculation' to being collected under false premise of a fraudulent second claim/number that has Plaintiff personal identifying information – in association of two claims - connection of the two claims entered into the judicial court system – merged together (intermingling) of two claims in creation of a fraudulent second claim/number that has Plaintiff personal identifying information that does not belong to Plaintiff, that Falls to the Direction of the decision-making authority to merge together two claims, WC/DOAS and Claims Administrator, (Adjuster) in:

- Creation of falsified documents and/or manufactured reports against Plaintiff existing legitimate claim diverting benefits away from Plaintiff to obtain medical treatment or income benefits or components that constitutes a financial benefit capable of pecuniary calculation under false premise of a fraudulent second claim/number that has Plaintiff personal identifying information, 09/29/09, 09/30/09, 10/05/09, 06/23/11, (medical treatment office visits), 08/10/10 (typographical distinction/difference in claim/numbers or obtain medical treatment or medical treatment), 02/08/11 (medical claim), 04/14/11 or 04/18/11 (potential settlement), 08/09/2011 (itemized medical travel expense), 09/26/11 Controvert - Independent medical Evaluation), 10/27/11 (rehabilitation), 01/10/12, 01/25/12, 08/28/14, 11/24/14 (managed care organization, myMatrixx pharmacy reimbursement, lawfully entitled onetime change of physician, lawfully entitled Independent Medical Evaluation or additional medical treatment, WC-200a consent for authorization for another physician to treat), 06/29/12, 09/24/13 (catastrophic designation and income benefits), 08/14/12, 06/04/13 electronic communication reports, (as done in all communication with the SBWC) by personal identifying information (08/14/12, 06/04/13, 01/17/14 and 02/03/14 electronic communication reports pursuant 35-3-4.1 compelling production of electronic communication records in connection of the two claim/numbers and 16-9-93.1 False identification of person transmitting data over email.
- Creation of falsified documents and/or a manufactured medical condition, 02/13/11 and 02/21/11 (threaten Motions), (01/25/12 (brief), 05/01/12 (lists of withdrawn exhibits) 06/14/12 (brief), 08/14/12 (brief) of a medical claim that Plaintiff does not have stopping Plaintiff receipt of lawfully entitled 'catastrophic type' medical claim benefits, while fraudulent second claim/number that has Plaintiff personal identifying information still being paid income and other benefits that constitutes a financial

benefit capable of pecuniary calculation (WC-4 supplemental case progress report $31,056.89 in 2012).

- Committing other income fraud in 2010, full account of Plaintiff gross wage components that constitutes a financial benefit to Plaintiff and are capable of pecuniary calculation under reported Plaintiff actual total gross wages earned, paid 2/3 on a lesser monthly wage rate of $3,284.89, average weekly wages of $758.04, instead of Plaintiff gross taxable monthly income $3,711.89.

- Paid Plaintiff 'only' a onetime of Plaintiff lawfully entitled Permanent Partial Disability income totaling $11,000.00, on 08/23/2010 through 11/02/2010, benefits showing payable since 06/09/10 to date; unlawfully stopping Plaintiff receipt of income (WC-2 Notice of Payment Suspension of benefits filed 11/04/10); Diverting Plaintiff income away from Plaintiff, altering the course of Plaintiff permanent partial disability income to being collected by 'Akin' connections with vested interest in Plaintiff claim property on false premise of a fraudulent second claim/number that has Plaintiff personal identifying information (WC-4 Supplemental case progress report of $31,056.89 filed 10/01/12); Subsequent open claims WC-4 case progress reports 2013, 2014, 2015.

- Plaintiff is not in receipt of lawfully entitled lifetime medical treatment or lawfully entitled income/or any components that constitutes a financial benefit to Plaintiff and are capable of pecuniary calculation; Yearly, WC-4 case progress reports in 2012, 2013, 2014, 2015.

- Diverting away from Plaintiff, lawfully entitled income or medical or components that constitutes a financial benefit to Plaintiff and capable of pecuniary calculation, altering course to fraudulent second claim/number that has Plaintiff personal identifying information profiting from Plaintiff loss through:

➢ Assessments (SBWC) from WC/DOAS insurance carrier, and self-insured employer (constraining process to give Board a choice to choose against the law/statute and jurisdiction not to rule).

➢ HCL Technologies/WC/ICMS/SysAdmin1 – designed and developed WC/ICMS to discharge the statutory responsibility of the SBWC for AACSB State of Georgia.

➢ Bonuses (WC/GDOL or WC/DOAS) saving agency money in unlawful evasion of obligation of present and future lawfully entitled benefits.

➢ Claim Denials (WC/MCO) in coordination of care and treatment, but actually gets paid by claim denials.

➢ False premise of Denial of Claim (WC/DOAS) discharge of their Client, (the Employer), AACSB's legal liability through inaccurate factual filed claim denials on false premise of fraudulent second claim/number.

Herein, in any mention of error or erroneous, or err, shall mean that (the Appellate Division) find no error with the administrative law judge's award or 08/14/13 ALJ's [Administrative law Judge] Gordon Zeese, Award 08/14/13 indicates Plaintiff seeking assessment of penalties for

actions of the Employer/Self-Insurer before May 1, 2012 hearing has been awarded on adversely to the Plaintiff by the State Board of Worker's Compensation; ALJ's 09/24/13 Award indicates Plaintiff seeking payment of temporary total disability income benefits from 12/29/11 through 05/01/12 hearing, medical treatment, payment of medical expenses for treatment of Plaintiff cervical region or right arm, and/or assessment of penalties for actions of the Employer/Self-Insurer before May 1, 2012 hearing had already been awarded on adversely to the Plaintiff by the State Board of Workers' Compensation, adversely affected by the decision determined from the substance of the decision.

Defendant(s) appearance to do (or actually do) one function, while performing another undesired action or causing Plaintiff case harm, or cancelling out Plaintiff catastrophic type claim, or changing Plaintiff catastrophic type claim, (one 'catastrophic type' claim and one case number), stopping Plaintiff receipt of Plaintiff lawfully entitled catastrophic type medical claim worker's compensation benefits and income benefits altering the course to a fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information and a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff are characteristics of malicious programs (Hebda, 2013), not human error; On, 11/20/12, Presiding Judge, Appellate Division, Richard S; Thompson, Concurring: Judge Stephen B; Farrow and Judge Warren Massey, sitting by designation, indicates, (the Appellate Division) find no error with the administrative law judge's award; Instructions on Filing an Appeal to the Superior Court; 08/14/13 ALJ's [Administrative law Judge] Gordon Zeese, Award 08/14/13 indicates Plaintiff seeking assessment of penalties for actions of the Employer/Self-Insurer before May 1, 2012 hearing has been awarded on adversely to the Plaintiff by the State Board of Worker's Compensation. ALJ's 09/24/13 Award indicates Plaintiff seeking payment of temporary total disability income benefits from 12/29/11 through 05/01/12 hearing, medical treatment, payment of medical expenses for treatment of Plaintiff cervical region or right arm, and/or assessment of penalties for actions of the Employer/Self-Insurer before May 1, 2012 hearing had already been awarded on adversely to the Plaintiff by the State Board of Workers' Compensation, adversely affected by the decision determined from the substance of the decision. Again, 12/04/13, Presiding Judge Appellate Division, Frank McKay, Concurring: Judge Elizabeth D; Gobeil and Judge Harrill L; Dawkins, AWARD, indicates Upon review of the appeal and the AWARD of the administrative law judge dated 08/14/13 (the Appellate Division) find and conclude that the administrative law judge did not err in making Award, as the Plaintiff has not presented sufficient, discernible grounds upon which we can grant further relief at this time; as to Plaintiff contentions and arguments, the Plaintiff find no error with the ALJ's award, and remain this case back to Judge Zeese in the Trial Division for further action not inconsistent with this award; Instructions on Filing an Appeal to the Superior Court; 03/04/2014, Appellate Division Judge Harrill Dawkins, Concurring, Presiding Judge Frank R; McKay and Judge Elizabeth D; Gobeil, AWARD, listed as belonging to Joanne Edwards, 2010-025855, 09/17/09, as such, (the Appellate Division) find that the administrative law judge did not err in AWARDING Plaintiff to attend a deposition and cooperate with the pre- hearing discovery process; Instructions on Filing an Appeal to the Superior Court; 12/22/2014, Presiding Judge Appellate Division Frank McKay, Concurring Judge Elizabeth D; Gobeil and Judge Harrill L; Dawkins, AWARD, (the Appellate Division) find that the administrative law judge did not err in making Award; Instructions on Filing an Appeal to the Superior Court; SBWC continues to reward and advantage alliance

connections, the favored party of the SBWC, State of Georgia and disadvantage or punish Plaintiff, the adverse litigant;

Herein any mention of Legitimate Government Staff, Worker's Compensation, Board, Defendant(s), Albany Area Community Service Board (AACSB), Crisis Stabilization Unit (CSU) - State of Georgia, Department of Administrative Services (DOAS), State Board of Worker's Compensation (SBWC), Executive Director;  Chairman, Office of the Chief Operating Officer, Attorney General of Georgia; Office of Attorney General/Section Workers' Compensation, Georgia Department of Law, (WC/GDOL), AmeriSys, (WC/MCO), WC/ICMS, Employer/Self-Insurer's Own Selected Physicians (EOSPs), Drs'; Barry Barker, Scott Mcgee, Andrew Cordista, and Craig Fredericks, shall mean that the State of Georgia, committed these acts through their employees, agents or representatives in the ostensible scope of their practice at the direction of the State of Georgia in the exercise of the affairs of their agency; hence, in Plaintiff allegations whereby legitimate government staff, took advantage of their positions or used Plaintiff personal identifying information for purposes unintended or opened a fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, 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  that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 or used interchangeably with Plaintiff existing legitimate claim Joanne Edwards 2010-025855, 09/17/09, 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, WC10577889, Employer # 20788  or committed other fraud against Plaintiff; Plaintiff did not open this claim, nor did Plaintiff give anyone else permission to open this claim on Plaintiff; Per Cheryl Gulasa, WC/MCO [managed care organization], WC/AmeriSys, grievance coordinator, 02/25/15, activity of merge together of the two claims falls to the direction of DOAS, Claims administrator Adjuster, in her decision-making authority in the handling of claims to WC/MCO, nurse case manager, in the management of claims and coordination of care and treatment, (but actually gets paid by claim denials).

Signer of the form, Amber Wiggins, on 08/10/10 used Plaintiff personal identifying information for purposes unintended, to open and start transcription of a fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying with a same date of injury or used interchangeably with Plaintiff existing legitimate claim number or committed other fraud against Plaintiff by making 'typographical distinction or difference' in association of two claim/numbers, 'changing one number' from 8 to 0, entered into the WC/ICMS [integrated claims management system], inaction and indeed, appearance to do (or actually do) one function, while performing another undesired action of diverting away Plaintiff medical treatment, income and other components that constitutes a financial benefit to Plaintiff and are capable of pecuniary calculation, altering the course of Plaintiff lawfully entitled medical and income benefits to false premise of a fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, 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, that is not Plaintiff, that has Plaintiff personal identifying information with a same date on injury, and a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff, characteristics of malicious programs (Hebda, 2013), not human error -while fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, 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, that has Plaintiff personal identifying information with a same date on injury, and a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff, still being paid; Inferences related to Plaintiff by personal identifying information, inferring Plaintiff is currently in receipt of Plaintiff income, medical and other components that

constitutes a financial benefit and are capable of pecuniary calculation, which is just not true of Plaintiff;

Signer of the form is Amber Wiggins, falls to the direction of WC/DOAS, and claims administrator, adjusterWindy Simpson, to merge together the two claims and a typographical association of two claim/numbers were made on 08/10/10 at 2:07pm, a pg. 4 of 6 and a pg. 6 of 6, documents  Remarks from AmeriSys; plan information B72 – AmeriSys; Initial Office Visit Assessment for Joanne Edwards as Exhibits w/Form 200B Objection, page 5 of 13, Joanne Edwards 2010-025055 authorization for treatment request from South GA Neurological dated 06/21/2010; AND as Exhibits w/Form 200B Objection, page 6 of 13, Joanne Edwards 2010-025055 of South GA Neurological authorization for treatment request dated 06/17/10; in connection of two claims, and entered false premise, fraudulent second claim/number using Plaintiff personal identifying information into the Board's Integrated Claims tracking system, altering the course of Plaintiff benefits to fraudulent second claim/number that has Plaintiff personal identifying information, with a same date of injury, through created, manufactured, of transcription of falsified documents,  in the Board's ICMS and ONLINE  [Online Integrated Claims Management, tracking system].

Further altered Plaintiff authorization request dated 06/17/10 for medical referral treatment dated 06/11/10 for Joanne Edwards #WC10577889, on 08/10/10 at 2:07pm, from S; [South] Ga [Georgia] Neurological, from : Medra, Westmoreland, to AmeriSys; Fraudulent second claim/number, Joanne Edwards 2010-025055 that has Plaintiff personal identifying information; Exhibits w/Form 200B Objection Page 6 of 13 for Joanne Edwards 2010-025055, 09/17/09, authorization request, dated 06/17/09,  that payment of authorized benefits be made to the above provider for services furnished by that physician; I authorize release to the indicated insurance carrier any medical information needed about to determine these payment for related services, and Dr. Andrew Cordista failure  to sign the authorization request and to Joanne Edwards, 2010-025855, 09/17/09 knowledge the physician failure  to sign the authorization request to date, signed by Jill,  from Practice: South Georgia Spine Center, Provider, Dr. Andrew Cordista, Patient Info: office Chart No; 7291;0, Insured: Joanne Edwards, 115 Kennedy Street, Camilla, Georgia, 31730, SS# 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, primary care doctor: Stephen Rubendall, D;O;B [date of birth] April 22, 1967, Age: 43, signer Amber Wiggins; under direction of Windy Simpson to merge together two claims, Workers Comp, AmeriSys, typographical distinction or difference in association on false premise of a fraudulent second claim/number, using Plaintiff personal identifying information, that does not belong to Plaintiff; altering course to a fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, 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, that does not belong to Plaintiff; as a result, Plaintiff insurance carrier rejected Plaintiff claim.

This same fraudulent activity was committed against Plaintiff authorization request dated 06/21/10 for medical referral treatment dated 06/11/10 for Initial Office Visit Assessment, on 08/10/10 at 2:07pm, from S; [South] Ga [Georgia] Neurological, from : Medra, Westmoreland, to AmeriSys; Fraudulent second claim/number, Joanne Edwards 2010-025055 that has Plaintiff personal identifying information; Exhibits w/Form 200B Objection Page 5 of 13 for Joanne Edwards 2010-025055, 09/17/09, authorization request, date  06/21/10, fax request sent, for appointment requested for Joanne Edwards's, WC10577889, 04 /22/67, SS# 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, referral source Dr. Andrew Cordista , type on insurance WCI [Worker's Compensation Insurance], Adjuster Amber Wiggins, phone 866-570-0980, Stephanie Stanridge, (last name not

indicated in the report, but Plaintiff believes to be 'Stanridge') 678-325-2391, fax # 678-942-9569, appointment date 07-14-10 at 2:00pm doctor appointment made with Dr. Craig Fredericks, SGNI Patient chart No; 73709; Workers Comp, AmeriSys , typographical distinction or difference in association of a fraudulent second claim/number, that has Plaintiff personal identifying information that does not belong to Plaintiff, false documents of fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, 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, made against Plaintiff legitimate authorization requests to cancel out both requests.

Per WConline.ICMS or ICMS SysAdmin1 or ICMS [Online Integrated Claims Management System] or ICMS [Integrated Claims Management System] (Plaintiff) valid social security was not used and the Employer filed (Plaintiff) WC-1, on 08/25/2010 to initiate (Plaintiff) a claim in paper; (Plaintiff) claim 2010-025855 was assigned; Board tracking number (BTN) 2010-025855, was not automatically indicated in Plaintiff generated ICMS after (Plaintiff) claim number was assigned; (Plaintiff) BTN [board tracking number] 2010-025855 is to be automatically indicated in (Plaintiff generated ICMS after (Plaintiff) claim number was assigned; You may search for the BTN by using the claim number 2010-025855 or contact the Board (ICMS, SBWC, State of Georgia, June, 2011);

Fraudulent second claim/number Joanne Edwards, 2010-025055 does not have a valid social security and does not belong to (Plaintiff), Joanne Edwards 2010-025855, 09/17/09, 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, WC10577889, Employer #20788. (Plaintiff) valid social security was entered in the ICMS for (fraudulent second claim/number) Joanne Edwards 2010-025055, 09/17/09, 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 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff, assigned after Amber Wiggins' signing of a typographical distinction, or difference in association of two claims/numbers was entered under false premise into the ICMS using Board tracking number, assigning (BTN) 2010-025055, using Plaintiff personal identifying information, automatically generated in the ICMS after the claim number is assigned; You may search for the BTN by using the fraudulent second claim/number, Joanne Edwards 2010-025055 or contact the Board.

The (ICMS) automated system generates a Claim Number for each new claim; This Board Claim Number appears on every form; a 10-digit number with the first four digits identifying the year Plaintiff claim was created, identifying the year (fraudulent second claim/number) was created, at the Board (not the year of injury); This number is a unique identifier for, (fraudulent second claim/number); This unique identifier helps the Board manage data about (Plaintiff) claim and distinguish (Plaintiff) claim from other claims; Once the data from the initiating claim is entered, the system will auto-populate the data in subsequent forms; Please remember: if you are submitting claim-related information (other than an originating document such as a WC-1 or WC-14, Notice of Claim), you must include this unique claim number; ICMS creates a unique 10-digit number for each claim and attaches the number to information that comes to the Board about that claim; (The first 4 digits of the number represent the file date year;) All Board forms have been revised to include this unique claim; All correspondence with the Board must reference this number; For claims filed before October 1, 2005 a claim number has been created using the 10-digit format that the Board will identify this number on out-going correspondence; BTN [Board Tracking Number], HCL designed and developed integrated Claims Management System ICMS to discharge the statutory responsibilities of the Board for the State of Georgia; The SBWC ID #[Number], Insurers, Self-Insurers, and Group Funds have a number that

identifies their particular organization; This organization number is required for certain forms; Information for Attorneys of records in a claim who provide an email address will be able to receive immediate electronic notifications of any document filed in a particular claim; In order to communicate more effectively, the Board asks attorneys to send the following information to ICMSprep@sbwc.ga.gov;

Sampson Blunt Jr. and Windy Simpson used Plaintiff personal identifying information for purposes unintended of false premise of a fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'Now' listed as belonging to Joanne Edwards, 09/17/09 that does not belong to Plaintiff or used interchangeably with Plaintiff existing legitimate claim or to commit fraud against Plaintiff in diverting components that constitutes a financial benefit to Plaintiff and are capable of pecuniary calculation away from Plaintiff, altering the course of Plaintiff lawfully entitled income benefits in 2012 totaling $31,056.89, collected by someone other than Plaintiff, on false premise of a fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'Now' listed as belonging to Joanne Edwards, 2010-025855, 09/17/09 that does not belong to Plaintiff; signer of the form, Sampson Blunt Jr.

10/01/12 WC-4 Supplemental case progress report, in the Board's ICMS tracking assigned number, that indicates income and components that constitutes a financial benefit to Plaintiff and are capable of pecuniary calaculation totaling $31, 056.89 paid to a fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'Now' listed as belonging to Joanne Edwards, 2010-025855, 09/17/09 that does not belong to Plaintiff; presents with darken, manual printed numbers 2010-025 and what appears to be a circle with a line drawn through it and 55 and another manual drawn circle placed at the top of the Board's ICMS number text 0 in the Board Claim No; box, (a conspicious location on the document that will alert co-conspirators ), that in all future communication with the SBWC for this claim number, namely, (fraudulent second claim/number, Joanne Edwards 2010-025055) it is necessary to use this Claim, namely, (Joanne Edwards 2010-025855, in furtherance of 08/14/12 statutory electronic communication report, in an attempt to make inferences on Plaintiff's existing legitimate claim number Joanne Edwards 2010-025855 by making untrue misleading representations of a manual drawn tracking number – attempts at creation of the appearance of manual tracking by manually attempting to draw numbers 2010-025855; contrary to the proper WC/ICMS BTN assigned tracking design; Signer of the form, is Sampson Blunt Jr..

From 08/23/10 to 11/02/10, Plaintiff, who is existing legitimate 'catastrophic type' medical indemnity claim Joanne Edwards 2010-025855, 09/17/09, 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, WC10577889, date of birth 04/22/1967, Employer #20788 was paid 'only a onetime' PPD [Permanent Partial Disability] income to preserve Plaintiff right to lifetime medical and income benefits until Plaintiff can return to work without restrictions and Plaintiff has a lifetime right to medical treatment and income benefits until Plaintiff can return to work without restrictions; whose course of lawfully entitled benefits have been altered on 10/27/2010, Windy Simpson dated a WC-2 Notice of Suspension of Benefits and unlawfully suspension of Plaintiff PPD income on

11/02/10 while Plaintiff was still in need of 06/11/10 ordered neurosurgeon's medical treatment by Dr. Andrew Cordista to see Dr. Craig Fredericks. Windy Simpson filed the WC-2 Notice of Suspension of benefits on 11/04/10, indicating the entire permanent partial disability payments has been paid to Plaintiff and Plaintiff existing legitimate 'catastrophic type 'medical 'indemnity' claim 2010-025855, 09/17/09, WC10577889 permanent partial disability income was stopped 'while' false premise of a fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury, and a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff, still being paid and collected by someone other than Plaintiff, namely, fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created, manufactured, medical claim 'now listed as belonging to Joanne Edwards, 2010-025855, 09/17/09 that does not belong to Plaintiff, per 10/01/12 WC-4 Supplemental case progress report, Board's ICMS tracking assigned number, indicates income totaling $31, 056.89 was paid to fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'Now' listed as belonging to Joanne Edwards, 09/17/09 that does not belong to Plaintiff – it is not me; Plaintiff was not in receipt of income benefits in 2012.

On 10/27/11, Tammy Ringo and Windy Simpson used Plaintiff personal identifying information for purposes unintended, or interchangeably with Plaintiff existing legitimate claim to commit fraud against Plaintiff when Tammy Ringo, faxed Dr. Nicodemo Macri a referral by Windy Simpson, Claims Administrator, to obtain an "evaluation only" medical necessary treatment for Joanne Edwards WC10577889 indicated to have been ordered by Plaintiff provider, Dr. Andrew Cordista signed by Tammy Ringo, on false premise of 'an evaluation only', medical necessary referral treatment for fraudulent second claim/number Joanne Edwards, 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff and with a distorted copy of Plaintiff legitimate prescribed medical necessary treatment for diagnoses by code from Dr. Andrew Cordista's, 08/24/11 original prescription for Plaintiff Rehabilitation copied onto a Georgia Dept. of Administrative Services approved Form CMS-1500 letter head form, making it barely readable seeking Plaintiff lawfully entitled onetime independent medical evaluation on false premise of 'an evaluation only', medical necessary referral treatment for fraudulent second claim/number Joanne Edwards, 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff.

On 01/10/12 Windy Simpson, on false premise of a fraudulent second claim/number Joanne Edwards, 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff,  Windy Simpson had Plaintiff coded under false premise in the Board's ICMS [integrated claims management system] as not having a managed care organization; and indicated that Plaintiff is in current receipt of appropriate medical treatment from authorized treating physician Dr. Andrew Cordista, that is just not true of Plaintiff; as a result, Plaintiff use of lawfully entitled managed

care organization with Tammy Ringo, myMatrixx pharmacy card Member ID: m00848708, are blocked from Plaintiff use, while fraudulent second claim/number Joanne Edwards, 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff, is inferred as having no managed care organization on 01/25/12, and inferred as being in current receipt of Plaintiff appropriate medical treatment, through the use of an inferred use of Plaintiff lawfully entitled onetime change of physician. Defendant(s) false premise in association  and connection of two claim/numbers, opened fraudulent second claim/number that has Plaintiff personal identifying and Plaintiff is not responsible for the fraud; In furtherance of their objective, artifice or scheme, WC/GDOL in their legal authority, acting on behalf of State of Georgia AASCB, CSU, and WC/DOAS in connection of two the claim/numbers entered into the judicial justice system that judicial notice may be taken, in reliance upon covert acts of The Law Office of Judy Varnell, unequivocally, acting under color of law, on 10/28/11 entered a second WC-14 Request for hearing on false premise of fraudulent second claim/number that has Plaintiff personal identifying information, issues; seeking approval for upper back, cervical spine treatment instead of Plaintiff 01/18/11 WC-14 on denial of medical treatment issues, seeking Board approval for Plaintiff cervical spine treatment, already diagnosed, accepted, compensable controverted catastrophic type claim prescribed for rehabilitation under the Act, protected by statute; so as to constrain the application procedures so that the Board can choose, and gave the Board a choice to choose; and the SBWC, ALJ in the exercise of his judicial authority, Awarded in favor of the weight of the preponderance of competent and credible evidence as contained within the records for the fraudulent second claim/number that has Plaintiff personal identifying information, whose AWARDS merged the two claims together, intermingled connection of two claims; On 08/14/12 GDOL in the exercise of their legal authority, by electronic communication report  indicates to Defendant(s), in all future communication with the SBWC for this claim number, namely, (fraudulent second claim/number, Joanne Edwards 2010-025055) it is necessary to use this Claim, namely, (Joanne Edwards 2010-025855, 09/17/09); that does not belong to Plaintiff.

## COMPLAINT(S)/CAUSE OF ACTION

On January 18, 2011 Plaintiff filed a WC-14 request for hearing on denial of medical treatment

for WC/DOAS 'repeated' denials of valid referral medical treatment and unlawfully suspension

of income benefits while Plaintiff still in need of prescribed medical treatment: 09/30/09 failure

to perform requested exploratory studies; 10/02/09 failure to authorize recommended

neurosurgical consult; 10/20/09 refusal to authorize PT [physical therapy] as ordered; and refusal

to pay for E-stim cervical region modalities treatment obtained out of 10/20/09 referral

treatment; 10/20/09 through 08/24/11 failure to authorize major surgery; 10/28/09 failure to

authorize referral o neurosurgery for persistent back pain and cervical NCV;  01/07/11 failure to

authorize PT and LESI medical treatment as ordered, further refusal to authorize or pay for E-

stim modalities treatment to Plaintiff's cervical region received from valid referral 01/07/11;

failure to authorize Plaintiff's cervical myelogram.

Plaintiff's notices of hearings and deposition pertaining to existing legitimate 'catastrophic type'

health insurance claim was reset several times to 07/06/11 was never allowed in a courtroom to

date, neither heard nor ruled on by the SBWC to date:

- Plaintiff's 01/18/11 WC-14 Request for Hearing on denial of Medical treatment pertaining to Plaintiff's existing legitimate medical claim, issues not evaluated or considered or litigated or made it to trial to date or allowed into a courtroom to date; Defendant(s) ignored to date;
- Reference ID# 344823 January 20, 2011 Notice of Hearing for Thursday, March 24, 2011 at 09:00am following Plaintiff's 01/18/11 WC-14 Request for Hearing on denial of medical treatment;

- Reference ID: 349156 February 08, 2011, AMENDED Notice of Hearing (add atty for e/i) for Thursday, March 24, 2011 at 09:00am. Plaintiff has no knowledge, why this 'Amended' Notice of hearing, apparently, unequivocally, by way of Judy Varnell, counsel for the Plaintiff, acting under color of law on the same date WC/GDOL submitted requests for board file records for fraudulent second claim/number that has Plaintiff's personal identifying information, putting together case currents, priors and no Subsequents with Plaintiff's case currents, priors and subsequents creating a manufactured medical claim that has Plaintiff's personal identifying information that is not Plaintiff.
- Reference ID: 357430 March 22, 2011, Notice of Hearing for Thursday, March 24, 2011: Reset To: Thursday, May 05, 2011 at 09:00am;
- March 22, 2011 Judy Varnell, counsel for Plaintiff, statement by letter, Re: Workers' Compensation Claim, indicating that we have received notice that your 'deposition' will take place Tuesday, March 29, 2011 at 11:am. Your hearing for March 24, 2011, has been postponed until after the Deposition.
- March 23, 2011, Judy Varnell, counsel for Plaintiff, statement by letter, Dear Ms. Edwards, Re: Workers' Compensation Claim, indicating notice that your hearing is scheduled for May 5, 2011 at 9:00am.
- March 24, 2011, Judy Varnell, counsel for Plaintiff, statement by letter, Dear Ms. Edwards, Re: Workers' Compensation Claim, indicating, the Attorney General has requested you furnish a job search at your deposition on January 29.

- March 28, 2011, Judy Varnell, counsel for Plaintiff, contacted Plaintiff that March 29, 2011, 'deposition' has been postponed until further notice. Plaintiff's 'deposition' was held 05/03/2011at the law office of Judy Varnell, by conference call with WC/GDOL Matthew Liverman. Plaintiff presented to the 'deposition' with a diligently applied, unsuccessful worksearch. Plaintiff received copy of the Deposition Transcript by email.
- Reference ID:364441, May 02, 2011 Notice of Hearing, Thursday, March 24, 2011: Reset To : Thursday, May 05,2011: Reset To: 'Wednesday', July, 06, 2011 for Plaintiff's 01/18/11 WC-14 Request for hearing on denial of medical treatment issues to date.
- Reset hearing 07/06/11 has not made it to trial to date nor has it been litigated or allowed in a court room to date;
- Plaintiff's 05/03/11 Deposition Transcription;
- 06/23/11 1500 Health Insurance Claim that must be paid by Plaintiff's Workers' Compensation Insurance carrier pursuant Workers' Compensation Act O.C.G.A. 24-9-2621, 34-9-40, 34-9-58 to date;
- 08/24/11 Health Insurance Claim that must be paid by Plaintiff's Workers' Compensation Insurance carrier pursuant Workers' Compensation Act O.C.G.A. 24-9-2621, 34-9-40, 34-9-58 to date;
- 11/27/12 WC-14 Request for Hearing on denial of medical treatment; Defendant(s) ignored to date; never made it to trial to date;
- ADR [Alternative Dispute Resolution] ALJ, Janice Askin Reference ID: 553482 February 03, 2014, Notice of Settlement Mediation at Albany Board Office (continued until further notice, failure to rule on 03/13/14)
- Award Reference ID: 553616 February 03, 2014 Notice of Mediation at Albany Board Office by ALJ, Janice Askin; pursuant 34-9-100(b); Board amended Rule 100(e);
- 05/28/13 WC-14 Request for Hearing on denial of medical treatment;
- 02/13/15 WC-14 Notice of Claim for denial of medical treatment; Plaintiff did not request a Hearing. 02/13/15 WC-R1CATEE request for lawfully entitled catastrophic designation; Plaintiff did not request a Hearing.

As indicated by Employer/Self-Insurer Appellee Brief, June 09, 2015, Plaintiff's issues have

never been allowed into a courtroom to date. All awards issued by the SBWC related inferences

of false premise of a fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09,

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 that has Plaintiff personal identifying information with a same date of injury and a

created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-025855,

09/17/09 that does not belong to Plaintiff – inferred upon Plaintiff by personal identifying
information causing adverse awards, inaccurate factual filed claim denials and/or rulings
adversely to the Plaintiff by the State Board of Workers' Compensation, Plaintiff adversely
affected by the decision determined from the substance of the decision.

Predicate acts complained of in this suit involve inter and intrastate use of constituted US mails,
electronic, wire communication by writings and signs; U.S. mail and wire fraud in violations of
18 USC 1341 and 1343 in furtherance of executing such schemes or artifice to defraud Plaintiff
and at various relevant times participated in and are otherwise in some manner responsible for
the damages that arose from facts and occurrences set therefore in the violations of law in this
complaint knowing and realizing that others were engaging in such unlawful conduct and never-
the-less facilitated, encouraged, and assisted the commission of the unlawful acts, aiding and
abetted others in their conduct engaging in a common enterprise and common course of conduct
whereby Defendant(s) caused, and continue to cause, the United States mail to be used  to send
mail fraud, and/or  wire fraud in violation  of  RICO, *18 U.S.C.  1341, 1962,* in furtherance of a
scheme  or  artifice to defraud  Plaintiff of money, catastrophic designation and prevent
continued receipt of catastrophic type medical claim worker's compensation benefits by
obstruction of justice, merchandise or service misrepresentation of  a product or service, or gross
negligence, or medical identity fraud, or healthcare insurance fraud, or money laundering or
extortion, fraud and deceit, or harassment/retaliation, or purported or false statements to mislead
Plaintiff depended upon such information that Plaintiff's 'lawfully entitled' 'catastrophic type',
health insurance claim  is being denied, and inferences from false premise of a fraudulent second
claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal
identifying information (name/social security number), with a same date of injury, a created,

manufactured medical claim "Now" listed as belonging to Joanne Edwards 2010-025855,

09/17/09 that does not belong to Plaintiff, and is not Plaintiff! And as a result, Plaintiff

catastrophic type medical claim is being denied, 'lawfully entitled' worker's compensation

benefits are being denied, 'lawfully entitled' WC-200B Request for onetime change of physician

is being denied, 'lawfully entitled' Catastrophic designation is being ignored or denied, 'lawfully

entitled' one time Independent Medical Evaluation is being denied, Managed Care Organization

- MyMatrixx pharmacy card for reimbursements is being obstructed, Plaintiff suffer further

deprivation of life, property and devaluation of (claim) property, severely restricts Plaintiff's

ability to retain counsel, prohibit from redress government for a wrong committed against me,

government abuse of a single constitution, prohibit from participation in Plaintiff plan of care, no

equal protection under the Law, no due process, a hostile environment, Violation of FOIA in

invasion of privacy of Plaintiff private personal Banking information – Freedom of Information

Act.

Defendant(s) do not have the Right or legality to use Plaintiff personal identifying information

for purposes unintended to change Plaintiff just because they want too. Plaintiff has only one

claim; 'a catastrophic type medical claim' case number 'Joanne Edwards 2010-025855,

09/17/09, 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, SBWC#WC10577889, Employer #20788', date of birth April 22, 1967

protected by statute under the act; where prevailing laws govern, Defendant(s) changed material

evidence by creations of falsified documents, or purported, or created manufactured evidence, or

inferences related against Plaintiff existing legitimate 'catastrophic type' claim, diverting away

from Plaintiff lawfully entitled income, medical and other components that constitutes a financial

benefit to Plaintiff and are capable of pecuniary calculation, away from Plaintiff, or cancelling

out Plaintiff existing legitimate catastrophic type medical claim benefits, opening a fraudulent

second claim/number, Joanne Edwards 2010-025055, 09/17/09, 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 that is not Plaintiff,

that has Plaintiff personal identifying information, with a same date of injury, and a created

manufactured medical claim 'Now' listed as belonging to Joanne Edwards 2010-025855,

09/17/09 related to Plaintiff by personal identifying information, with a same date of injury or

incorporated referenced paragraphs selected from physicians seen by Plaintiff and EOSPs

[Employer/Self-Insurer's own selected physicians] deemed likely to indicate Plaintiff condition

is not so bad, and for the purpose of changing material evidence, creating the appearance of

statutory compliance, so statute would not apply, where prevailing laws governed; According to

International Labor Organization (ILO), disabled people are marginalized, disadvantaged,

vulnerable groups in the community, terms also relevant to non-dominant groups in society;

Employment fairness toward people with disabilities is a human rights issue (Bell, 2007);

Provided is a Cause of Action Table, outlining Defendant(s) appearance to do (or actually do)

one function while performing another undesired action – diverting away from Plaintiff, or

cancelling out or altering or stopping Plaintiff receipt of Plaintiff lawfully entitled worker's

compensation 'catastrophic type' medical claim benefits to being collected by someone else,

namely a fraudulent second claim/number that has Plaintiff personal identifying information;

then giving Plaintiff's claim number to someone else are characteristics of malicious programs

(Hebda, 2013), not human error.

The information the SBWC provides is based on inaccurate information, pursuant ***False Claims
Act, (31 U.S.C. §§ 3729–3733,*** Federal Trade Commission, FCRA 611 (15 U.S.C. 1681L)

PROCEDURE IN CASE OF DISPUTED ACCURACY or Federal Identity Theft Law 18 U.S.C.

1028 and/or Pursuant Fraud and Deceit 51-6-2 as a result of identity fraud 16-9-121, Police

Report # 22-13-01930 dated 02/10/2014. Plaintiff is a 'She' and is not a 'He'.

The information SBWC provides may contain information about someone else, namely,

fraudulent second claim/number (Joanne Edwards 2010-025055, 09/17/09, 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, that is

not Plaintiff, that has Plaintiff's personal identifying information, with a same date of injury and

a created manufactured medical claim 'now' listed as belonging to Joanne Edwards 2010-

015855, 09/17/09 that does not belong to Plaintiff. But falls to the direction of the Claims

Administrator and WC/Department of administrative services/Adjuster's decision-making

authority to WC/MCO/AmeriSys, managed care organization, nurse case manager to merge

together to claim/numbers. Plaintiff is in observation of first associations of the two

claim/numbers made 'as early as' 10/01/09 for (09/30/09 office note from Dr. Barry Barker) and

again 08/10/10 (06/17/10 and 06/21/10 authorization requests to Dr. Craig Fredericks,

neurosurgery). Connection of the two claim/numbers was entered into the judicial court system

that judicial notice may be rendered, 01/25/12 Fraudulent second Claim/number, Joanne

Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying

information, Employer/Self-Insurer's Brief to the ALJ, 06/14/12 Fraudulent second

Claim/number, Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's

personal identifying information, Employer/Self-Insurer's Brief to the ALJ, and 08/14/12

Fraudulent second Claim/number, Joanne Edwards 2010-025055, 09/17/09, 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 that

has Plaintiff's personal identifying information, Employer/Self-Insurer Appellee's Brief to the

Full Board, and 05/01/12 Fraudulent second Claim/number, Joanne Edwards 2010-025055,

09/17/09, 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 that has Plaintiff's personal identifying information, Employer/Self-

Insurer's, Employer/Self-Insurer's Exhibits of (**referenced claim/number Joanne Edwards**

**2010-025055 indicated by the Board/ALJ, Gordon Zeese, 09/24/13,** to be from  a man with a

different date of injury, **alleged deliberating injuries** (01/25/12 Fraudulent second

Claim/number, Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's

personal identifying information, Employer/Self-Insurer's brief to ALJ), on same premise as

Plaintiff's diagnosed health insurance 'catastrophic type' medical claim conditions; the SBWC

(09/24/13 ALJ award) indicates to be from North GA, Floyd County, from a closed claim file

(11/06/13 WC/GDOL assistane attorney general William Carter III, and Senior assistant attorney

general Robert Hamilton) and (02/18/14 Stan Bexley, Director of SBWC Fraud division) , of an

an entirely different person:

- WC/ICMS/SysAdmin1, BTN documents for Fraudulent second claim/number Joanne
  Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying, is
  not Plaintiff. Plaintiff found the listed documents in Plaintiff's existing legitimate
  'catastrophic type' claim file and does not belong to [Plaintiff] **(EXHIBITS
  ATTACHED)**:

a. 10/01/09 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 252-
   13-8104 that has Plaintiff's personal identifying information , Exhibits w/Form 200B
   Objection Pages 1& 2 of 13 to 09/30/09 follow up on back pain
b. 08/10/10 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 252-
   13-8104 that has Plaintiff's personal identifying information , Exhibits w/Form 200B
   Objection Page 6 of 13 to patient referral from Dr. Andrew Cordista to Dr. Craig
   Fredericks, neurosurgeon,  sent to DOAS 06/17/10 for authorization
c. 08/10/10 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 252-
   13-8104 that has Plaintiff's personal identifying information , Initial Office Visit
   Assessment Exhibits w/Form 200B Objection Page 5 of 13 to patient referral from Dr.
   Andrew Cordista to Dr. Craig Fredericks, neurosurgeon sent to DOAS for authorization
   dated 06/21/10
d. 02/08/11 WC-12 Submission by WC/GDOL for Board file records for  Employer Name
   2008-017650 4-24-07 cc 09, case, currents, priors, **NO Subsequents**); together with
   02/08/11 WC-12 submission request for Plaintiff's board file case currents, priors and
   **Subsequents**, created a manufactured medical claim that does not belong to Plaintiff;
e. 04/18/11 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 252-
   13-8104 that has Plaintiff's personal identifying information , correspondence from Judy
   Hicks Varnell inquiry about Employer/Self-Insurer's attached settlement inquiry
f. 04/14/11 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 252-
   13-8104 that has Plaintiff's personal identifying information , Yahoo mail attached

potential settlement opportunity indicating no established dollar value & attached envelop sent U.S. mail

g. 10/28/11 WC-14 Request for hearing seeking board approval for upper back/cervical treatment issues belonging to fraudulent second claim/number that has Plaintiff's personal identifying information; this is a second, fraudulent filed claim unequivocally filed by Judy Varnell, acting under color of law;

h. Reference ID: 399159 November 01, 2011 Notice of Hearing for Thursday, January 05, 2012 at 9:00am from 10/28/11 WC-14 Request for Hearing on issues belonging to fraudulent second claim/number that has Plaintiff's personal identifying information to date;

i. Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Exhibits w/Form 200B Objection Page 11 of 13 notice of appointment for Independent medical evaluation to Dr. David Rogers

j. Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Exhibits w/Form 200B Objection Page 12 of 13 to Claimant's itemized travel expense – did not reimburse

k. Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Exhibits w/Form 200B Objection Page 10 of 13 to Claimant's request for Independent

l. Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Employer/Self-Insurer's First Request For Production Of Documents To Employee/Claimant

m. 03/24/12 Correspondence for set of questions from insurance company to Claimant

n. Employer/Self-Insurer's First Interrogatories To Employee/Claimant

o. 01/25/12 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Employer/Self-Insurer's Objection 'brief' to Request for IME

p. 02/13/12 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Employer/Self-Insurer's threaten motion to dismiss claim in its entirety and perpetrate a controverted alleged neck injury in 2012

q. 02/21/12 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , threaten motion to dismiss claim and assess attorney fees and perpetrated alleged C-spine condition & attach envelope sent U.S. mail

r.  02/23/12 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Conflict calendar letter and absence with attached attorney of leave and absence statement

s.  06/14/12 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Employer/Self-Insurer brief to the Administrative Law Judge

t.  05/01/12 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Employer/Self-Insurer's Exhibit List of withdrawn records

u.  05/01/12 Hearing Transcript on false premise of fraudulent second claim/number that has Plaintiff's personal identifying information;

v.  Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Exhibits w/Form 200B Objection Pages 3& 4 of 13 to 10/05/09 Dr. Scott Mcgee Office Note

w.  Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Exhibits w/Form 200B Objection Pages 7& 8 of 13 to 06/17/11 Dr. Craig Fredericks Office Note

x.  Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Exhibits w/Form 200B Objection Pages 9 of 13 incorporated referenced paragraph from 04/29/11 medical record by Dr. Andrew Cordista

y.  Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Exhibits w/Form 200B Objection Page 13 of 13 incorporated referenced paragraph from 08/24/11 medical record by Dr. Andrew Cordista;

z.  10/01/12 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , WC-4 Supplemental case progress report, $31,056.89 was paid to WC/ICMS, BTN, fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09 in income  and other benefits that constitute a financial benefit to Plaintiff and are capable of pecuniary calculation  filed 10/01/12 (monies Plaintiff did not receive in 2012); Monies provider's and others were paid for serves not served or not rendered; The 10/01/12 WC-4 Supplemental case progress report, in the Board's ICMS, BTN [board tracking number] indicates income and other benefits totaling $31, 056.89 paid to a fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff personal identifying information, with a same date of injury and a created manufactured medical claim 'Now' listed as belonging to Joanne Edwards, 2010-025855, 09/17/09 that does not belong to Plaintiff; placed in a conspicious location on the document that will alert co-conspirators , that in all future communication with the SBWC for this claim number, namely, (fraudulent second claim/number, Joanne Edwards 2010-025055) it is necessary to use this Claim, namely, (Joanne Edwards 2010-025855,  with darken, manual printed numbers 2010-025 and what appears to be a circle with a line drawn through it and 55 and another manual drawn circle placed at the top of the Board's ICMS number text 0 in

the Board Claim No; box, a conspicious location on the document that will alert co-conspirators ), that in all future communication with the SBWC for this claim number, namely, (fraudulent second claim/number, Joanne Edwards 2010-025055) it is necessary to use this Claim, namely, (Joanne Edwards 2010-025855),  in furtherance of 08/14/12 statutory electronic communication report, in an attempt to make inferences on Plaintiff existing legitimate claim number Joanne Edwards 2010-025855 by making untrue misleading representations of a manual drawn tracking number – attempts at creation of the appearance of  manual tracking by manually attempting to draw numbers 2010-025855; contrary to the proper ICMS assigned tracking design; Signer of the form, is Sampson Blunt Jr.

aa. 08/14/12 Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Statutory electronic service report from WC/GDOL, assistant attorney general, Robin Golivesky, indicating in all future communication with the SBWC for this claim number, namely, (fraudulent second claim/number, Joanne Edwards 2010-025055) it is necessary to use this Claim, namely, (Joanne Edwards 2010-025855, 09/17/09) pursuant 35-3-4.1 Identity fraud – compelling production of electronic communication records and 16-9-93.1 False identification of person transmitting data over email.

bb. Fraudulent second claim/number Joanne Edwards 2010-025055, 09/17/09, 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 that has Plaintiff's personal identifying information , Correspondence of Employer's/Self-Insurer's attached Appellee response brief to the Full Board dated 08/14/12;

cc. 09/27/13 statement by letter, waiver of lien/fees;

dd. 09/30/13 Judy Varnell's 'second' WC-108B attorney withdrawal listed as belonging to another  Joanne Edwards 2010-025855, 09/17/09, does not belong to Plaintiff; Judy Varnell did not represent Plaintiff after 11/06/12 WC-108B attorney withdrawal;

ee. 01/17/14 communication report in all future communication with the State Board of this claim it is essential to use the claim number;

ff. 02/03/14 Reference ID: 553482 Notice of Settlement Mediation, Wednesday, February 26, 2014 at 1:00pm;

gg. 02/03/14 Reference ID:553616 Notice of Mediation, Tuesday, March 25, 2014 at 10:00am;

hh. 02/03/14 communication report in all future communication with the State Board of this claim it is essential to use the claim number;

ii. 02/02/15 **Conclusion** dated January 31, 2015, Appellee response by way of WC/GDOL Robert Hamilton, states, 'The Orders which Claimant appeals from are reasoned and based on applicable law and Board Rule, and should be affirmed. Further states, 'that the Employee be issue penalties and assess attorneys fees of at least $100.00 against the Employee for frivolous litigation.

jj. 04/22/15 **Conclusion** Appellee by way of WC/GDOL, Robert Hamilton states,' The Orders and Awards which Claimant asks to be overturned are reasoned based on applicable law, Board Rule, and fact, and should be left intact'; Further states, 'that the Employee be assessed attorneys fees of $100.00 for a knowing and intentional abuse of litigation, and civil penalties of $1,000.00 against the Employee for frivolous litigation.

- **Definitive Conclusions from several investigative or credible bodies**:

  1. Albany Police Department, Identity Fraud 16-9-121 Police Report, case # 22-13-019308
  2. Federal Trade Commission, Identity fraud affidavit 02/03/14
  3. Notice to Furnishers of obligations of furnishers under the FCRA
  4. 07/10/2012 consult by Dr. Stephen Rubendall, NWCP [non-workers' compensation provider], LPCP, [local primary care provider] history of present traumatic fall injury;
  5. 07/10/2012 statement by letter by Dr. Stephen Rubendall, NWCP [non-workers' compensation provider], LPCP, [local primary care provider]; reccommendations;
  6. November 17, 2014, The White House, Office of Presidential Correspondence
  7. May 18, 2015, Congress of the United States, House of Representatives, Congressman Sanford D. Bishop, Jr., USPS # 9114 9012 3080 1692 5373 48; resulted from Plaintiff's appeal and evidentiary documentation filed April 28, 2015 at the Columbus SBWC;
  8. September 23, 2014, State of Georgia, office of the Governor, Nathan Deal, Plaintiff filed 12/01/14 at the Columbus SBWC;
  9. January 27, 2014 The Office of Secretary of State, Georgia Board of Nursing in regards to WC/MCO/AmeriSys, nurse case manager;
  10. March 26, 2015 State Bar of Georgia, Office of the General Counsel in regards to Counsel for Plaintiff;
  11. February 06, 2014 State Bar of Georgia, Office of the General Counsel 48562 in regards to WC/GDOL, assistant attorney general;
  12. February 06, 2014 State Bar of Georgia, Office of the General Counsel 48563 in regards to WC/GDOL, assistant attorney general;
  13. February 06, 2014 State Bar of Georgia, Office of the General Counsel 48564 in regards to WC/GDOL, assistant attorney general;

kk. WC/GDOL, assistant attorney general, Matthew Liverman, 02/08/11, WC-12 Submission request that has Plaintiff's personal identifying information, with a same date of injury selected by circle, for Board file copies of records for Employer Name 2008-017650 4-24-07 cc 09, case, currents, priors, **NO Subsequents**), 'together' with a 02/08/11 WC-12 submission request for Board file copies of records for Joanne Edwards 2010-025855, 09/17/09, 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 case currents, priors and **Subsequents – connection of two**

**claim/numbers,** created a manufactured medical claim 'Now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09, that does not belong to Plaintiff, along with coverted acts by Judy Varnell, counsel for Plaintiff, unequivocally and acting under color of law, false premise of issues of WC-14 Request for Hearing 10/28/11on issues belonging to the fraud claim, Notice of Hearing, Reference ID: 399159 November 01, 2011 Notice of Hearing for Thursday, January 05, 2012 at 9:00am from 10/28/11 WC-14 Request for Hearing on issues belonging to fraudulent second claim/number that has Plaintiff's personal identifying information to date; and 03/05/12 WC-14 Requests for hearing; as a result of two medical claim/numbers association/connection/merge together of two claim/numbers (intermingled) as a result of the ALJ's 01/25/12, 06/29/12 Awards or Orders, a judicial course of action is set, in favor of the weight of the preponderance of competent and credible evidence as contained within the record for fraudulent second claim/number that has Plaintiff's personal identifying information, that is not Plaintiff – related to Plaintiff by personal identifying information, that 'falls at the direction of WC/DOAS, Claims Administrator(s)/Adjuster's decision making authority to merge together the two claims to WC/AmeriSys, managed care organization, nurse case manager(s) that contain information about someone else and is a result of identify fraud; as a result all Awards or Orders in the State Board of Workers' Compensation's database for 'all' Appellate Divisions awards and 'all' corresponding ALJ [administrative law judge's] awards dating back to January 25, 2012,  06/29/12, 08/14/13, 09/24/13, 12/31/13 Amended 01/02/14, 02/24/14, (02/03/14 Award Notice of  Settlement Mediation at Albany Board Office, 02/03/14 Award Notice of Mediation at the Albany Board Office, 03/13/14, Award of Amended Notice of Mediation at the Atlanta Board Office), 08/28/14, 11/24/14, 12/02/14, to date 04/19/15 as what is FACTUAL, listed as belonging to Joanne Edwards 2010-025855, 09/17/09 and all Appellate Division awards from November 20, 2012 forward  to date 04/09/15 (in appeal of 06/29/12 ALJ's award); 12/03/13 (in appeal of 08/14/13 and 09/24/13 ALJ's Awards), 03/04/14 (in appeal of 12/31/13 Amended 01/02/14 ALJ's awards); 12/22/14 (in appeal of 08/28/14 ALJ's award), 04/09/15 (in appeal of 02/24/14, 11/24/14 and 12/02/14 ALJ's Awards) as what is FINAL, and Amended 05/07/15 and 05/05/15 transmittals, confirmed upon appeal to the superior court awarded upon by the Georgia SBWC [State Board Workers' Compensation], ALJ [Administrative Law Judge]s', Janice Askin and Gordon Zeese, affirmations 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09, that have been ruled upon by the Georgia Worker's Compensation Judge, Gordon Zeese, and affirmed by the State Board of Worker's Compensation, in the Board's WC/ICMS/SysAdmin1 [integrated claims management system] 'Now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 , does not belong to Plaintiff; on grounds pursuant O.C.G.A. 34-9-102, O.C.G.A. 34-9-103, or Board Rule 105, ( c) (2) Awards or Orders are  procured by (medical) identity fraud or consumer fraud and/or the

False Claims Act 31 U.S.C. 3729-3733; and 'it is not Plaintiff'; Pursuant Board Rule O.C.G.A. 34-9-105, findings of an ALJ shall set aside the decision if it is found that:

ll.  The members acted without or in excess of their powers;

mm.      The decision was procured by fraud;

nn. The facts found by the members do not support the decision;

oo. There is not sufficient competent evidence in the record to warrant the members making the decision;

pp. The decision is contrary to law

The ALJ [administrative law judge] did not have jurisdiction to rule on the compensability of Plaintiff health insurance claim that must be paid by the Plaintiff workers' compensation health insurance carrier pursuant workers' compensation act 34-9 and awards should be reversed Pursuant arks v. A. Fid. & Cas. Co., 97 Ga. App. 833, 104 SE 2d 624 (1958). Pursuant Shore v. Pacific Employers Ins. Co., 102 Ga. App. 431, 116 S.E. 2d 526 (1960), an award based on erroneous conclusion of law must be reversed.

The ALJ's role in a trial court is to review and determine relevance of evidence as it is presented, then determine award. The Appellate must review materials from cases tried in trial courts and determine if procedural errors have occurred and if a new trial is warranted. The SBWC and the Employer's failure and unwillingness to evaluate or consider the weight of the preponderance of competent and credible evidence as contained within the records for Plaintiff existing legitimate 'catastrophic type' claim. The Employer or Board is in no position to evaluate or consider any of Plaintiff's contentions or arguments of (fraud and deceit) or (follow through with the corrective action required to make an addendum or amendment that accurately reflects Plaintiff legitimate identity, condition, diagnoses, and 'catastrophic type' rehabilitation medical necessary treatment)

prescribed under Plaintiff's existing legitimate 'catastrophic type' medical claim, and is no

longer a judicial act but individual acts representing individuals own prejudices, objectives and

goals.

| Plaintiff is existing legitimate 'catastrophic type' 'indemnity' medical claim Edwards, Joanne, 2010-025855, D.O.I. 09/17/09, SS# 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, SBWC ID# WC10577889, D.O.B. [date of birth] 04/22/1967, Employer #20788 being cancelled out by falsified documents created against Plaintiff existing legitimate claim | Merging of claim/numbers: August 10, 2010 (Fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, SS#) typographical distinction or difference in association of two claim/numbers AND WC-12 submission request August 08, 2011 for Fraudulent second claim 2008 – 017650, 04-24-07, cc09, Board file closed claim records using Plaintiff personal identifying information, with a same date of injury selected by circle (Joanne Edwards, 2010-025855, 09/17/09, SS#); connection of two claims entered into Judicial court system, against jurisdiction, as to constrain the process to give the Board a choice to choose; Award favored fraudulent second claim/number that has Plaintiff personal identifying information that does not belong to Plaintiff BUT must be upheld or inferred upon Plaintiff | Created 'new' False Claim: Fraudulent second claim/number, Joanne Edwards 2010-025055, 09/17/09, SS#, that has Plaintiff personal identifying information, with a same date of injury, a created manufactured medical claim 'Now' listed as belonging Joanne Edwards, 2010-025855, 09/17/09 that does not belong to Plaintiff |
|---|---|---|
| • 09/29/09 Office note and medical report from Dr; Barry Barker – not signed by the provider, knowing or should have known failure to submit this form will jeopardize payment of fees | • Failure to render 09/29/09 office note for judicial notice at 05/01/12 Hearing, indicated in list of 'withdrawn' exhibits from Plaintiff claim | • Failure to render 09/29/09 office note for judicial notice at 05/01/12 Hearing, indicated in list of 'withdraw n' exhibits from Plaintiff |

| | | |
|---|---|---|
| to Plaintiff to date – lumbar Xrays taken; 10/06/09 return appointment | | claim |
| • 09/30/09 low back pain Office note and medical report from Dr; Barry Barker – not signed by the provider; knowing or should have known, failure to submit this form will jeopardize payment of fees to Plaintiff to date; orthopedic referral made | • Exhibits w/Form WC-200B Objection, page 2 of 13 to 09/30/09 Office note and medical report from Dr; Barry Barker – not signed by the provider; knowing or should have known, failure to submit this form will jeopardize payment of fees to Plaintiff | • Exhibits w/Form WC-200B Objection, page 2 of 13 to 09/30/09 Office note and medical report from Dr; Barry Barker – not signed by the provider; knowing or should have known, failure to submit this form will jeopardize payment of fees to Plaintiff |
| 'Open' Compensable lumbar medical claim subsequently 06/23/11 and 08/24/11 1500 Health Insurance Claim Form/became accepted, compensable, controverted 'catastrophic type' medical claim | • From a 'Closed' compensable lumbar medical claim | • 'Open' inferred not compensable lumbar medical claim/still being paid in 2012 or inferred in current receipt of appropriate medical treatment from ATP; inferred use of a onetime change of physician |
| • 09/30/09 ER visit (10/01/09 lumbar MRI & 10/02/09 low | • Failure to acknowledge | • Failure to acknowledge |

| | | |
|---|---|---|
| back EMG/NCV); lumbarsacral radiculopathy; neuro-surgical consult-no high impact activities | | |
| • 10/05/09 Office note by Dr; Scott Mcgee; documented cervical region complaints; sent Plaintiff away | • Exhibits w/Form WC-200B Objection, page 3 & 4 of 13 to 10/05/09 Dr; Scott Mcgee Office note | • Exhibits w/Form WC-200B Objection, page 3 & 4 of 13 to 10/05/09, Dr; Scott Mcgee Office note |
| • 10/06/09 return appointment; documented neck, upper, mid, lower back complaints; refused to see Plaintiff | • Failure to acknowledge | • Failure to acknowledge |
| • 10/20/09 - 08/24/11 Permanent sustained disabling, potential fatal ) cervical, neck pain, thoracic and lumbar anomalies (at moderate risk for significant complications morbidity and/or mortality with indications for | • Temporary, Minor 'only' sustained lumbar injury; Lumbar injury has received appropriate medical treatment; no objective medical evidence in over 2 years of medical treatment to | • Temporary, Minor 'only' sustained lumbar injury; Lumbar injury has received appropriate medical treatment; no objective medical evidence in over 2 years of |

| | | |
|---|---|---|
| major surgery; 01/07/11 lumbar myelogram/CT; 04/05/11 lumbar, thoracic MRI, 04/07/11 Pelvic MRI; 04/08/11 lumbar/thoracic MRI; refuses to further treat | substantiate 'alleged' deliberating lumbar/cervical conditions | medical treatment to substantiate 'alleged' deliberating lumbar/cervical condition |
| • 10/28/09 Dr. Rubendall recommends neurosurgery consult for persistent back Pain & cervical EMG/NCV | • Failure to acknowledge | • Failure to acknowledge |
| • Plaintiff accepted on a WC-1 Employers first report of injury within first year of injury filed 08/25/10 for 06/09/10 (past 21 days); 34-9-81.1, 34-9-82; lawfully entitled to PPD [permanent partial disability] income until Plaintiff can returned to without restrictions | • <u>No</u> WC-1 Employer's first report of injury within the first year of injury for permanent lumbar sacral disability; lawfully <u>not</u> entitled to PPD [permanent partial disability] income | • <u>No</u> WC-1 Employer's first report of injury within first year of injury for permanent lumbar sacral disability; lawfully <u>not</u> entitled to PPD [permanent partial disability] income |
| | | • Created manufactured last |
| • 06/09/2010 | • Created | |

| | | |
|---|---|---|
| First day of disability; last day worked 01/27/2011, termination on or around 02/21/2011 | manufactured last day worked 02/21/2011 | day worked 02/21/2011 |
| • Has permanent restrictions | • Full release to work | • Full release to work |
| • 06/11/10 Telephone referral for medical treatment from designated ATP to Dr; Craig Fredericks, neurosurgeon | • 06/17/10 Authorization requests and 06/21/10 Initial office visit assessment authorization requests Exhibits w/Form 200B Objections, pages 5 of 13 and 6 of 13 | • 06/17/10 Authorization requests and 06/21/10 Initial office visit assessment authorization requests Exhibits w/Form 200B Objections, pages 5 of 13 and 6 of 13 |
| Lawfully <u>paid</u> PPD income in 8/23/2010 through 11/02/2010 to preserve Plaintiff lawfully entitled  Right to lifetime medical treatment by the Employer; PPD unlawfully suspended 11/02/10; benefits showing due since 06/09/10 first day of disability | • Lawfully <u>not</u> <u>paid</u> PPD income within 2010 first year of injury | • Lawfully <u>not paid</u> PPD income within 2010 first year of injury |
| | | • 10/28/11 |

| | | |
|---|---|---|
| • 01/18/11 WC-14 Request for Hearing on denial of medical treatment; Deposition 05/03/11; Hearing reset to 07/06/11, never made it to trial to date | • 10/28/11 WC-14 Request for Hearing seeking Board approval for cervical region treatment, hearing 05/01/12; cervical denied and No determination of the Employer's liability for further lumbar treatment | WC-14 Request for Hearing seeking Board approval for cervical region treatment, hearing 05/01/12; cervical denied and No determination of the Employer's liability for further lumbar treatment |
| 06/11/10 Telephone referral to Neurosurgeon; 06/22/10 DOAS failure to authorize; Paid 'only' onetime PPD income 08/25/10 to 11/02/10 (benefits showing due since 06/09/10); On10/27/10 WC-2 Notice of Suspension of Payment on 11/02/10, filed 11/04/10 in unlawful suspension of Plaintiff PPD income; 11/01/10 WC-4 Final case progress report filed 11/04/10; 01/25/11 The Employer filed, WC-3 Notice to Controvert neck, right arm, hands, left great toe; 04/19/11 Request for missing | 08/10/10 Objected to Plaintiff valid 06/11/10 telephone referral medical treatment to neurosurgeon; limiting/delaying Plaintiff assessment, diagnoses and treatment of neck/C-spine, injuries documented since start of 'supposed' medical treatment 10/05/2009 recommended for neurosurgical consult 10/02/09, 10/28/09, and indications for major surgery 10/20/09 – 08/24/11 to date; while (altering the course of Plaintiff PPD income to) fraudulent | 08/10/10 Objected to Plaintiff valid 06/11/10 telephone referral medical treatment to neurosurgeon; Limiting/delaying Plaintiff assessment, diagnoses and treatment of neck/C-spine, injuries documented since start of 'supposed' medical treatment 10/05/2009; recommended for |

| | | |
|---|---|---|
| information due on 05/07/11 for WC-4 Case progress report filed 11/04/10 that Plaintiff file will remain open; while (altering the course of Plaintiff open claims/PPD income to) fraudulent second claim/number 's WC-4 Supplemental Case Progress Report filed 10/01/12 still being paid; | second claim/number still being paid | neurosurgical consult 10/02/09, 10/28/09, and indications for major surgery 10/20/09 – 08/24/11 to date; while (altering the course of Plaintiff PPD income to) fraudulent second claim/number still being paid |
| • 06/17/11 First visit with Dr, Craig Fredericks, second referral 04/29/11; Office note diagnoses – Pain, cervical radiculopathy, thoracic radiculopathy; lumbar spinal stenosis, axial neck pain; ordered pre-op cervical MRI | • 06/17/11 office note by Dr; Craig Fredericks, Exhibits w/Form 200B Objections, pages 7 of 13 and 8 of 13 | • 06/17/11 office note by Dr; Craig Fredericks , Exhibits w/Form 200B Objections , pages 7 of 13 and 8 of 13 |
| • 06/23/11 Office note by Dr; Craig Fredericks, refuses to treat; has provider's signature | • 06/23/11 office note Exhibit page 5 of 5; no provider's signature | • 06/23/11 office note Exhibit page 5 of 5; no provider's signature |

| | | |
|---|---|---|
| 08/24/2011 prescription from designated ATP to Dr. Nicodemo Macri for rehabilitation treatment/ 1500 Health Insurance Claim Form for cervical, thoracic, lumbar, neck diagnoses by code; pursuant 34-9-200.1(g), 6(A) or 3 (E) neurological; 10/27/11 DOAS denied Rehabilitation medical treatment; ATP refuses to further treat Plaintiff | • 10/27/11 solicitation of an evaluation 'only' as medical necessary treatment ordered by the ATP per 01/25/12 Employer/Self-Insurer's 'Brief' | 10/27/11 solicitation of an evaluation 'only' as medical necessary treatment ordered by the ATP per 01/25/12 Employer/Self-Insurer's 'Brief' |
| • 09/20/11 through 09/28/11, Dr. David Rogers, lumbar MRI, Cervical CT scan; Very symptomatic; Tentative Plan C5-6, C6-7 discectomy surgery; 09/26/11 Employer controverted this provider | • 06/29/12 Provider disqualified on false premise | • 06/29/12 Provider disqualified on false premise |
| • 10/27/2011 denial of Plaintiff rehabilitation medical treatment; DOAS will not pay for Plaintiff ordered rehabilitation, but an | • 10/27/11 Denial of rehabilitation medical treatment Referral for an evaluation only treatment as medical necessary | • 10/27/11 Denial of rehabilitation medical treatment; Referral for an evaluation only as medical necessary treatment signed by WC/MCO |

| | | |
|---|---|---|
| evaluation only signed by WC/MCO | signed by WC/MCO | |
| | | • Failure to acknowledge |
| • 10/28/11 Dr. Edward Hellman; orders for C5-6, C6-7 discectomy surgery; And 10/28/11 written request to use lawfully entitled onetime change of physician | • Failure to acknowledge | |
| • 01/18/11 Judy Varnell counsel for Plaintiff by workers' compensation fee contract through 11/06/12 WC-108B attorney withdrawal | • 02/08/11 WC-102B, Matthew Liverman through 04/24/12 WC-108B withdrawal | • 02/08/11 WC-102B, Matthew Liverman through 04/24/12 WC-108B |
| WC-1 Employer's first report of injury filed 08/25/10 for (06/09/10)office visit; it was not necessary to file a claim to preserve Plaintiff Rights to medical treatment; Income benefits has been paid in 2010 to preserve Plaintiff right to lifetime medical treatment and income benefits until Plaintiff can return to work without restrictions; nor is it within ALJ's jurisdiction to rule on the compensability of Plaintiff | Fraudulent Second claim/number 08/10/10, falls to direction of DOAS decision making authority to merge together two claims to WC/MCO, typographical distinction or difference in association of fraudulent second claim/ numbers; | Judy Varnell, unequivocally, and acting under color of law, filed a second WC-14 Request for Hearing on 10/28/11 on false premise of fraudulent second claim/number to preserve Joanne Edwards, 2010-025855, 09/17/09 |

| | | |
|---|---|---|
| already compensable claim under the Act protected by statue;WC-14 Notice of Hearing on denial of medical treatment; hearing reset for calendar call 07/06/11 (never heard or litigated to date); | | rights to medical treatment, seeking approval for cervical spine treatment and filed a WC-14 Request for Hearing on 03/05/12 for TTD [temporary total] disability income from 02/27/11 constraining the process against jurisdiction of the ALJ's rule on compensability of claims to give the Board a choice to choose |
| • 02/08/11 Amended Notice of Hearing (add att. e/i) by way of Att. Judy Varnell unequivocally, acting under color of law | • 02/08/11 GDOL WC-12 submission on 02/08/11 for type of copies, current case, Priors, 'NO Sub' for Board file records for Second claim - 2008 – 017650, 04-24-07, cc09; using Plaintiff personal identifying information with a same date of injury | • created a manufactured medical condition that does not belong to Plaintiff, 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that is not Plaintiff |

| | | |
|---|---|---|
| | selected by circle) together with 02/08/11 WC/GDOL WC-12 submission for Plaintiff's board file records, case current, priors and Subsequents and created a manufactured medical condition, 'now' listed as belonging to Joanne Edwards 2010-025855, 09/17/09 that does not belong to Plaintiff | |
| • Unlawful suspension of Plaintiff's PPD in 11/02/2010, while fraudulent second claim/number still being paid WC-4 Supplemental case progress report dated 10/01/2012 | • 02/24/14 Created manufactured Dispute of not in receipt of PPD income in 2010 | • 02/24/14 Created manufactured Dispute of not in receipt of PPD income in 2010 |
| • 04/19/11 Request for | • 06/29/12 Closed | • 06/29/12 Closed cervical claim |

| | | |
|---|---|---|
| Missing Information (Action Required on WC-4 case progress report filed 11/04/10) Plaintiff file will remain open | cervical claim status; no further determination of Employer's liability to treat lumbar; 01/25/12 award & 01/10/12 WC-200B infers in current receipt of current appropriate Employer funded medical treatment & still being paid income benefits | status no further determination of Employer's liability to treat lumbar; 08/28/14 Award and 11/24/14 award infers in current receipt of current appropriate Employer funded medical tx & still being paid income benefits |
| • Unlawfully <u>not in receipt</u> of $31,056.89 in income and other benefits WC-4 supplemental case progress report dated 10/01/12 open claims money; | • Unlawfully received $31,056.89 in PPD income and other benefits WC-4 Supplemental case progress report dated 10/01/12 still being paid – open claims money | • Unlawfully received $31,056.89 in PPD income and other benefits WC-4 supplemental Case progress report dated 10/01/12 still being paid – open claims money |
| • No minimal descent income; moral indictment of our times | • Moral indictment of our time | • Moral indictment of our time |
| • 01/24/14 Dispute that Employer did not take into full account all | • 02/24/14 created manufacture d Dispute of | • 02/24/14 created manufactu red dispute of not in |

| | | |
|---|---|---|
| of the potential components of Plaintiff gross wage that constitutes a financial benefit to Plaintiff and are capable of pecuniary calculation and under reported Plaintiff actual total gross wages earned and paid Plaintiff 2/3 PPD income on a lesser monthly wage rate of $3,284;89, instead of $3,711;89 from 08/23/2010 through 11/02/2010 with benefits showing payable since 06/09/2010; past 21 days late; late penalties due to Plaintiff | not in receipt of PPD income in 2010 | receipt of PPD income in 2010 |
| • 01/24/14 Dispute of not in receipt of PPD income from 2011 to 2012, to date open claims money; | • 02/24/14 created manufactured Dispute of not in receipt of PPD income in 2010 | • 02/24/14 created manufactu red Dispute of not in receipt of PPD income in 2010 |

| | | |
|---|---|---|
| • Plaintiff have a managed care organization, assigned nurse case manager, and myMatrixx pharmacy care | • Inferred, no managed care organization | • Inferred no managed care organizati on |
| • Plaintiff Designated ATP [authorized treating physician], Dr; Andrew Cordista | • Inferred use of a onetime change of physician to Dr. Andrew Cordista | • Inferred use of a onetime change of physician to Dr. Andrew Cordista |
| • Plaintiff have not used Plaintiff one time change of physician | • Inferred use of a onetime change of physician to Dr. Andrew Cordista | • Inferred use of a onetime change of physician to Dr. Andrew Cordista |
| • Plaintiff diagnosed acceptable compensable controverted Catastrophic type medical claim prescribed for rehabilitation | • Cervical claim denied medical treatment; Employer deemed not liable for cervical spine treatment; no determinatio n on liability to lumbar spine | • Cervical claim denied medical treatment; Employer deemed not liable for cervical spine treatment; no determinat ion on liability to lumbar claim |

| | | |
|---|---|---|
| • (06/23/11) 1500 health insurance claim for cervical radiculopathy; and (08/24/11), 1500 health insurance claim for Accepted 'Diagnosed' Compensable controverted, cervical/neck/arms, <u>Catastrophic type</u> medical claim | • Purported ? [questionable] 1500 health insurance claim for cervical radiculopathy | • Purported ? [questionable] 1500 health insurance claim for cervical radiculopathy |
| • Plaintiff has a lawfully entitled independent medical evaluation | • Not entitled to an independent medical evaluation by statute - denied | • Not entitled an independent medical evaluation by statute - denied |
| • Lawfully entitled to income benefits until return to work without restrictions | • Lawfully Not entitled to income benefits - denied | • Lawfully Not entitled to income benefits - denied |
| • 08/24/11 Prescribed rehabilitation (1500 Health Insurance Claim Form) medical necessary treatment for diagnoses by | • 10/27/11 denial of rehabilitation; Referral for an evaluation only as medical necessary | • 10/27/11 Denial of rehabilitation; Referral for an evaluation only as medical necessary |

| | | |
|---|---|---|
| code: cervical spinal stenosis, neck Pain, misplaced cervical disc/cervical radiculitis, by office note: thoracic or lumbar radiculopathy; wants to know if Plaintiff has myelopathy; Denied | treatment | treatment |
| • Catastrophic Type Medical 'indemnity' health insurance medical claim | • Medical claim | • Medical claim |
| • Plaintiff is Not in receipt of current appropriate medical treatment from designated ATP, Dr. Andrew Cordista, contrary to ALJ's Awards 01/25/12, 08/28/14, 11/24/14 | • Inferred in receipt of currently receiving appropriate medical treatment from ATP, Dr. Andrew Cordista, per ALJ's Awards 01/25/12, 08/28/14, 11/24/14 | • Inferred in receipt of currently receiving appropriate medical treatment from ATP Dr. Andrew Cordista, per ALJ's Awards 01/25/12, 08/28/14, 11/24/14 |
| • 01/25/12 'Still' in need of further ordered 08/24/11 prescribed rehabilitation | • 01/25/12 Not in need of further ordered medical | • 01/25/12 Not in need of further ordered medical |

| | | |
|---|---|---|
| medical treatment to date | | |
| 01/25/12 A Mountain of objective medical evidence in over 2 years of medical treatment to date that strongly supports Plaintiff 'diagnosed' deliberating claim, by code cervical myelopathy, cervical spinal stenosis, cervical radiculopathy, Pain, neck pain, axial neck pain, thoracic radiculopathy, lumbar spinal stenosis, lumbar sacral radiculopathy; Mountain of Objective diagnostics studies listed at bottom of table; | • 01/25/12 No objective medical evidence in over 2 years medical treatment to sustained alleged lumbar c-spine deliberating conditions; a created manufactured, temporary, 'only' minor sustained lumbar medical condition | • 01/25/12 No objective medical evidence in over 2 years medical treatment to sustained alleged lumbar c-spine deliberating conditions; a created manufactured temporary, 'only' minor sustained lumbar medical condition |
| • Has a Diligent applied, but unsuccessful work search | • No diligently applied work search | • No diligently applied work search |
| • 05/01/12 Hearing, under Duress in connection of claims (where coercion replaces | • 05/01/12 Bogus Hearing on premise of fraudulent second | • 05/01/12 Bogus Hearing on premise of fraudulent second |

| | | |
|---|---|---|
| deception to injure); Judy Varnell Requested Attorney fees be paid for Plaintiff having to retain an attorney to intervene 'for this' | claim/numbe r | claim/num ber |
| • 06/05/12 'brief' 08/07/12 Plaintiff 'brief'; Judy Varnell WC- fee Contract 01/18/11 through WC-108B withdrawal 11/06/12; ) on 09/27/13 via U.S. mail notification by letter of withdrawal of attorney lien and a Second WC-108B attorney withdrawal on 09/30/13 indicating Judy Varnell withdrew in writing 03/20/13 – which is just not true because Judy Varnell did not represent Plaintiff after | • 06/24/12 'Brief'; 08/14/12 Appellee 'Brief'; 08/14/12 Electronic communicati on report-in all future corresponde nce with SBWC for this number, 2010-025055, it is necessary to use this claim, 2010-025855; Robin Golivesky WC-102B 04/13/12 through WC-108B 08/24/12 | 06/24/12 'Brief'; 08/14/12 Appellee 'Brief'; Robin Golivesky WC-102B 04/13/12 through 08/24/12 Electronic communication report-in all future correspondence with SBWC for this number, 2010-025055, it is necessary to use this claim, 2010-025855;Robin Golivesky WC-102B 04/13/12 through WC-108B 08/24/12 |

| | | |
|---|---|---|
| 11/06/12; and Plaintiff did not retain Judy Varnell after 11/06/12 | | |
| • Judy Varnell representing Plaintiff; represented at oral argument before the Appellate 09/18/12 | • WC-102B 08/23/12 Lyndsey Hurst through 03/20/13 WC-108B withdrawal; represented 08/14/12 (Robin Golivesky) Appellee Brief before Appellate at oral argument 09/18/12 | WC-102B 08/23/12 Lyndsey Hurst through 03/20/13 WC-108B withdrawal; represented 08/14/12 (Robin Golivesky) Appellee Brief before Appellate at oral argument 09/18/12 |
| • 11/29/12 WC-fee contract, Bruce Johnson through 03/19/13 WC-108B withdrawal after contacted by GDOL | • Judy Varnell 'second' WC-108B dated 09/30/13; After Plaintiff suspected fraud report to Board's Enforcement Division, before Plaintiff 10/10/13 Hearing and before Plaintiff oral argument 11/06/13 before the Appellate | Judy Varnell 'second' WC-108B dated 09/30/13; After Plaintiff suspected fraud report to Board's Enforcement Division, before Plaintiff 10/10/13 Hearing and before Plaintiff oral argument 11/06/13 before the Appellate |
| • Pro se Litigant; presented 11/06/13 Oral | • WC-102B 06/05/13; | WC-102B 06/05/13; William Carter III, |

| | | |
|---|---|---|
| argument before the Appellate; In dispute of false premise of (fraudulent second claim/number that is not Plaintiff – does not belong to Plaintiff) | William Carter III, (along with Robert Hamilton) presented at oral argument 11/06/13 before the Appellate – testified second claim came from closed claim file from 2008 - will not offer rebuttal; William Carter III, through 11/25/13 WC-108B withdrawal, by email; after 11/25/13 objection – Plaintiff allegations of fraud & deceit are ludicrous | presented oral argument 11/06/13 before the Appellate; testified second claim came from closed claim file from 2008 – will not offer rebuttal; William Carter III, through 11/25/13 WC-108B withdrawal, by email; after 11/25/13 objection – Plaintiff allegations of fraud & deceit are ludicrous |
| • Pro se litigant | • Robert Hamilton WC-102B 05/03/11, 11/01/12, all future corresponde nce 11/25/12 to date | Robert Hamilton WC-102B 05/03/11, 11/01/12, all future correspondence 11/25/12 to date |
| • 09/09/13 WC- | | 09/27/13 Created |

| | | |
|---|---|---|
| R1CATEE Request for Catastrophic designation, 34-9-200;1(g), 6(A), purposed rehabilitation supplier Dr; Nicodemo Macri | • 09/27/13 Created manufactured WC-R1CATEE request for catastrophic designation as for the blind and people in wheel chairs; No Catastrophic designation proposed rehabilitation supplier; purported contemporous filing of a hearing; wants full evidentiary deposition; Judy Varnell withdrew a second time WC-102B 09/30/13 | manufactured WC-R1CATEE request for catastrophic designation as for the blind and people in wheel chairs; No catastrophic designation proposed rehabilitation supplier; purported contemporous filing of a hearing; wants full evidentiary deposition; Judy Varnell withdrew a second time WC-102B 09/30/13 |
| • 09/27/13 Run of harassing emails, phone calls, U.S. mail, intimidation, threats of legal authority, sanctions, to attend unwarranted deposition, Plaintiff believes to be in bad faith on false premise of fraudulent | • 12/31/13 Amended 01/02/14 ordering/compeling Plaintiff to receive dis-consented, unwanted emails, attend, deposition, Plaintiff believes to be in bad | 12/31/13 Amended 01/02/14 ordering/compelling Plaintiff to receive dis-consented, unwanted emails, attend, deposition, Plaintiff believes to be in bad faith and is not me; |

| | | |
|---|---|---|
| second claim/number that has Plaintiff's personal identifying information | faith and is not me; | |
| • 08/19/14 WC-200a (requested) consent to onetime change of physician to Dr; Larry Empting; GDOL failure to give consent; ALJ, failure to give consent | • 08/28/14 inferred currently receiving appropriate medical treatment from ATP, Dr; Andrew Cordista; denied; purported fraudulent consent to onetime change of physician - Objected | • 08/28/14 inferred currently receiving appropriate medical treatment from ATP, Dr; Andrew Cordista; denied; purported fraudulent consent to onetime change of physician - Objected |
| • 09/02/14 WC-200B request for lawfully entitled onetime change of physician to Dr; Larry Empting | • 11/24/14 Created manufactured 09/02/14 WC-200B request or Motion for additional medical treatment - denied; purported request of change of physician - Objected | • 11/24/14 Created manufactured 09/02/14 WC-200B request or Motion for additional medical treatment – denied; purported request of change of physician - Objected |

| | | |
|---|---|---|
| • 01/10/2012 WC-200B request for onetime change of physician to Dr; Peter Holiday; | • 01/25/12 Created manufacture d Motion of an independent medical evaluation to Dr; Peter Holiday denied | • 01/25/12 created manufactu red Motion of an independe nt medical evaluation to Dr; Peter Holiday denied |
| • 08/24/11 Written notice of Independent Medical Evaluation to Dr; David Rogers; 09/26/2011 Defendant(s) Controverted this provider | • WC-200B Objection page 10 of 13; with a different date 08/23/2011; 09/02/11 WC-200B Objection page 12 of 13 to estimated itemized medical travel expense to Dr. David Rogers | • WC-200B Objection page 10 of 13; with a different date 08/23/2011; 09/02/11 WC-200B Objection page 12 of 13 to estimated itemized medical travel expense to Dr. David Rogers |
| • Adjustment disorder with mixed anxiety and depression mood | • At best neurosis at worst malingering | • At best neurosis at worst malingerin g |
| • Open claims file Joanne Edwards 2010-025855; D;O;I; 09/17/09 SBWC ID# WC10577889; SS# 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 D;O;B; April 22, 1967 | • Closed fraudulent second claim file 2008-017650, D;O;I; 04/24/07-cc09; that has Plaintiff personal identifying | • Closed fraudulent second claim file 2008-017650, D;O;I; 04/24/07-cc09 that has Plaintiff personal |